IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

WILEY MACK BASS, III                                                                                    PLAINTIFF

vs.                                         Civil No. 1:13-cv-01062

CAROLYN W. COLVIN                                                                                   DEFENDANT
Commissioner, Social Security Administration

### REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Wiley Mack Bass, III ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for Disability Insurance Benefits ("DIB"), Supplemental Security Income ("SSI"), and a period of disability under Titles II and XVI of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable Susan O. Hickey referred this case to this Court for the purpose of making a report and recommendation. In accordance with that referral, and after reviewing the arguments in this case, this Court recommends Plaintiff's case be **AFFIRMED.**

**1.      Background:**

Plaintiff filed his DIB application on August 26, 2010 and his SSI application on November 3, 2010. (Tr. 15). In those applications, Plaintiff alleges being disabled due a back injury, an aortic aneurysm, a torn rotator cuff in his right shoulder, depression, sleep apnea, edema, emphysema or COPD, hearing loss in his right ear, obesity, and high blood pressure. (Tr. 182). Plaintiff alleges an onset date of May 15, 2009. (Tr. 15). These applications were denied initially and again upon

reconsideration. (Tr. 111-114).

Thereafter, Plaintiff requested an administrative hearing on his applications, and this hearing request was granted. (Tr. 131-132). Plaintiff's administrative hearing was held on March 28, 2012 in El Dorado, Arkansas. (Tr. 67-110). At this hearing, Plaintiff was present and was represented by counsel, Denver Thornton. *Id.* At this hearing, Plaintiff and Vocational Expert ("VE") Mr. Wallace[1] testified. *Id.* Plaintiff testified he was fifty-three (53) years old, which is defined as a *"person closely approaching advanced age"* under 20 C.F.R. § 416.963(d) (2008) (SSI) and 20 C.F.R. § 404.1563(d) (2008) (DIB). (Tr. 71). Plaintiff also testified he had graduated from high school. (Tr. 72).

On June 23, 2012, the ALJ entered an unfavorable decision denying Plaintiff's applications. (Tr. 12-32). In this decision, the ALJ found Plaintiff did not meet the insured status requirements of the Act through December 31, 2014. (Tr. 17, Finding 1). The ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since May 15, 2009, his alleged onset date. (Tr. 17, Finding 2). The ALJ determined Plaintiff had the following severe impairments: hypertension, COPD, degenerative disc disease of the lumbar spine, lymphedema, history of stable aortic dissection, and obesity. (Tr. 17-19, Finding 3). Despite being severe, the ALJ determined those impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 19-20, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 20-30, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained

---

[1] The first name of "Mr. Wallace" is not included in the transcript. (Tr. 67).

the RFC to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform the full range of light work as defined in 20 CFR 404.1567(b) and 416.967(b).

*Id.* The "full range of light work" includes the following:

> (b) Light work. Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 404.1567(b); 20 C.F.R. § 416.967(b).

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 30-32, Finding 6). Considering his RFC, the ALJ determined Plaintiff retained the capacity to perform his PRW as a "lab assistant or line marker." *Id.* The ALJ then considered whether Plaintiff was disabled in light of the Medical Vocational Guidelines or "The Grids." *Id.* Notably, applying Rule 202.14 of the Grids, the ALJ found Plaintiff was not disabled. (Tr. 32). Accordingly, the ALJ found Plaintiff had not been under a disability, as defined in the Act, from May 15, 2009 through the date of his decision or through June 23, 2012. (Tr. 32, Finding 7).

Thereafter, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision. (Tr. 10). On May 29, 2013, the Appeals Council denied this request for review. (Tr. 1-4). On July 17, 2013, Plaintiff filed the present appeal. ECF No. 1. Both Parties have filed appeal briefs. ECF Nos. 9-10. This case is now ready for decision.

**2.      Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g) (2010);  *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently.  *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity.  *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998);  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§ 423(d)(3), 1382(3)(c).  A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months.  *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.     Discussion:**

In his appeal brief, Plaintiff raises six arguments for reversal: (A) the ALJ improperly evaluated his PRW; (B) the ALJ gave improper weight to the opinion of his treating physician Dr. R. Keith Davis; (C) the ALJ performed an inadequate *Polaski* evaluation; (D) the ALJ did not consider his impairments in combination; (E) the ALJ improperly determined he retained the RFC for light work; and (F) the ALJ gave an improper hypothetical to the VE. ECF No. 9 at 1-15. The Court will consider all of these arguments.

   **A.     PRW Evaluation**

A large part of Plaintiff's briefing is dedicated to his argument that the ALJ improperly evaluated his PRW as a "lab assistant." ECF No. 9 at 3-7. The Court has reviewed this argument.

*Id.* It is possible the ALJ mischaracterized Plaintiff's PRW. However, even if the ALJ did so, this was harmless error. As noted above, the ALJ did not end his analysis at Step Four after finding Plaintiff retained the capacity to perform his PRW. (Tr. 30-32, Finding 6). Instead, the ALJ proceeded to Step Five, and he found, based upon Rule 202.14 of the Grids, that Plaintiff was not disabled. Thus, even if the ALJ's Step Four determination was improper, it does not change the outcome of this case because the ALJ also made a Step Five determination.

      **B.      Plaintiff's Treating Physician**

Plaintiff claims the ALJ erred by giving improper weight to the opinions of his treating physician, Dr. R. Keith Davis. ECF No. 9 at 7-9. Dr. Davis was Plaintiff's general practice physician and treated him from 2005 until at least 2012. (Tr. 256-558). On March 27, 2012, Dr. Davis completed a report stating he believed Plaintiff was "totally disabled." (Tr. 555). Dr. Davis also found Plaintiff's "prognosis is poor," and he has suffered from "a gradual deterioration over the years." *Id.* Dr. Davis also found Plaintiff was "on lifting restrictions." (Tr. 554).

In his opinion, the ALJ dedicated nearly a page and one-half outlining Dr. Davis's findings and explaining why he did not adopt all of the limitations Dr. Davis found. (Tr. 26, 29). Indeed, unlike many ALJs who provide a few brief reasons for discounting the opinions of a treating physician, this ALJ very thoroughly outlined his reasons and concluded with the following findings:

> Finally, Dr. Davis is a family practitioner who has followed the claimant for medication management. He is not an orthopedist, vascular specialist, or neurological specialist. There is no indication the claimant's vascular surgeons have placed restrictions on his activities. When he was discharged in May 2009, he was kept off work for one month and advised to avoid strenuous activity. This statement indicates the need to avoid all but light duty work; but does not indicate the claimant is totally disabled. Dr. Davis' letter does not quantify the degree of "lifting restriction" he feels is necessary; however, two State agency medical consultants felt the claimant could perform light duty work. Thus, with regard to factors 6 and 7, the Administrative Law Judge finds little support. The Administrative Law Judge finds restricting the claimant to light duty work adequately accounts for the need to restrict

heavy lifting due to the history of aortic aneurysm.

(Tr. 29-30). Because the ALJ thoroughly reviewed Dr. Davis's findings and provided several reasons for discounting those findings, the Court finds no basis for reversal on this issue. *See Wildman v. Astrue,* 596 F.3d 959, 964 (8th Cir. 2010) (holding the ALJ properly discounted the treating physician's opinion that consistent of three checklist forms, cited no medical evidence, and provided little or no elaboration).

### C. *Polaski* Evaluation

Plaintiff claims the ALJ erred in evaluating his credibility. ECF No. 9 at 9-11. Specifically, Plaintiff claims the ALJ erred in failing to consider his work history and also erred in evaluating the remaining *Polaski* factors. *Id.* Upon review, In his opinion, the ALJ did not consider Plaintiff's work history. (Tr. 20-30). However, the ALJ is not required to discuss every *Polaski* factor in his opinion, and the Court will not reverse on this basis. *See Myers v. Covlin,* 721 F.3d 521, 527 (8th Cir. 2013) (holding the ALJ "was not required to discuss each factor's weight in the credibility calculus").

Further, contrary to Plaintiff's claim, the ALJ did provide several valid reasons for discounting his subjective complaints of disabling pain. Notably, the ALJ found that despite Plaintiff's subjective complaints of disability, he (1) "is not followed by a pain management specialist"; (2) "was able to return to work after his initial back injury"; (3) has "only mild degenerative changes, with no motor, reflex, or sensory deficits documented"; (4) did not end his last job due to "impairment related reasons" but, rather, ended his job because the plant closed; and (5) "drew unemployment benefits" which indicates "he held himself out as being employable at the same time he was claiming to be disabled in connection with this matter." (Tr. 27). Based upon these findings, the Court finds no basis for reversal on this issue. *See Renstrom v. Astrue,* 680 F.3d

7

1057, 1067 (8th Cir. 2012) (holding that if the ALJ explicitly discredits a claimant and gives good reasons for doing so, the appellate court will normally defer to the ALJ's determination).

### D.    Impairments in Combination

Plaintiff claims the ALJ erred by failing to consider his impairments in combination. ECF No. 9 at 11-12. Specifically, Plaintiff claims the "ALJ is not free to ignore medical evidence, but must consider the whole record" in assessing his limitations. *Id.* In evaluating his RFC and limitations, Plaintiff claims the ALJ did not properly consider the record as a whole. *Id.*

Despite Plaintiff's claim, the ALJ in this matter provided ten pages of detailed analysis of Plaintiff's medical records and his alleged limitations. (Tr. 20-30). The ALJ considered his limitations due his alleged impairments, including his back pain, shoulder problems, ankle swelling, high blood pressure, and obesity. *Id.* The ALJ considered his reported limitations and the medical records in assessing his RFC. *Id.* Further, in his opinion, the ALJ also specifically evaluated Plaintiff's "combination of impairments." (Tr. 19, Finding 4). Based upon this analysis, the Court finds the ALJ sufficiently considered Plaintiff's impairments in combination. *See Hajek v. Shalala,* 30 F.3d 89, 92 (8th Cir. 1994) (holding that statements such as "the evidence *as a whole* does not show that the claimant's *symptoms* . . . preclude his past work as a janitor" and "[t]he claimant's *impairments* do not prevent him from performing janitorial work . . ." sufficiently establish that the ALJ properly considered the combined effects of the plaintiff's impairments).

### E.    RFC for Light Work

Plaintiff claims the ALJ erred in finding he retained the RFC for light work. ECF No. 9 at 13. In making this argument, Plaintiff relies upon the findings of Dr. Davis (which have been previously discussed) and Dr. Jerry Grant, M.D. (Tr. 408). Since the Court previously addressed the ALJ's review of Dr. Davis's findings, the Court will only review Dr. Grant's findings.

Notably, Dr. Grant found Plaintiff had "moderate" limitations in walking, standing, lifting, and carrying. *Id.* The ALJ considered these findings in his opinion. (Tr. 24). Plaintiff indicates Dr. Grant's findings support his claims. ECF No. 9 at 13. However, Dr. Grant's findings do not appear to be inconsistent with the ALJ's finding that Plaintiff can perform light work. Accordingly, without more, the Court finds no basis for reversal on this issue.

As a final point, Plaintiff also references his "lymphedema problem" or a foot swelling problem, which he also claims causes him to be disabled. ECF No. 9 at 13. As noted by the ALJ, however, "nowhere in the treatment records does the claimant assert the need to keep his legs elevated for controlling of swelling," Plaintiff has "not been prescribed compression stockings," and "treatment records do not reflect significant concern related to difficulty ambulating or the need to elevate the feet." (Tr. 28). Accordingly, the Court finds the ALJ properly determined Plaintiff was not disabled due to his "lymphedema problem."

### F.   Hypothetical to the VE

Plaintiff claims the ALJ erred in giving his hypothetical to the VE regarding his PRW. ECF No. 9 at 13-14. Again, as noted above, this was a Step Five case, not a Step Four case. Thus, any error regarding the ALJ's evaluation of Plaintiff's PRW was harmless.

### 4.   Conclusion:

Based on the foregoing, the undersigned finds the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence in the record and recommends it be **AFFIRMED.**

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Parties are**

**reminded that objections must be both timely and specific to trigger** *de novo* **review by the district court.** *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

**ENTERED this 20th day of May 2014.**

                                                /s/   Barry A. Bryant
                                                HON. BARRY A. BRYANT
                                                U.S. MAGISTRATE JUDGE